IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MONTGOMERY CARL AKERS,

    Plaintiff,

vs.                                                                                                  Case No. 20-cv-1146 RB-SCY

KATHERINE N. SIEREVELD,

    Defendant.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Civil Complaint. (Doc. 2.) Plaintiff is incarcerated at USP Marion in Illinois and is proceeding *pro se*. He alleges a Bureau of Prisons (BOP) employee withheld his legal mail, thereby interfering with his contractual relationships. Having reviewed the allegations along with various federal court dockets, the Court finds venue is improper in New Mexico and will dismiss the Complaint.

**I.     BACKGROUND**[1]

In October of 2018, while serving a 27-year federal sentence, Plaintiff purportedly wished to hire New Mexico attorney Scott Moran Davidson. (Doc. 10 at 4.) *See also United States v. Akers*, 261 F. App'x 110, 116 (10th Cir. 2008) (affirming sentence imposed by Kansas Federal Court). However, BOP employee Siereveld allegedly "interfered with [Plaintiff's] access to legitimate funds" he could have obtained through negotiations with a California company, which he in turn could have used to hire Davidson. (Doc. 10 at 4.) The following year, Plaintiff tried to hire New Mexico attorney Donald Kochersberger, but Siereveld allegedly interfered with that contract as well. (*Id.*) Plaintiff claims Siereveld used her "Jewish affiliation" to stop him from retaining

---

[1] The background facts are taken from the Complaint (Doc. 1-3) and the Amended Complaint attached to a motion to amend (Doc. 10). The Court accepts all allegations as true for the limited purpose of this ruling.

attorneys, but it appears she actually restricted Plaintiff's mail and notified his outside contacts (such as H&R Block) of his fraudulent history. (*Id.* at 4–5.) Plaintiff committed the crime underpinning his current sentence (wire fraud) from prison while serving a sentence for bank fraud. *See Akers*, 261 Fed. App'x at 111.

Based on these facts, Plaintiff raises claims against Siereveld for tortious interference with contracts. He originally filed the Complaint in New Mexico's Second Judicial Court, Case No. D-202-CV-2020-04644. Siereveld, through counsel at the United States Attorney's Office, removed the Complaint to this Court pursuant to 28 U.S.C. § 1442 (suits against federal officers). Siereveld moved for dismissal, arguing that Plaintiff filed this suit in New Mexico to evade filing restrictions in various other district and circuit courts. (*See* Doc. 2.)[2] Siereveld also asked the Court to stay her further obligations pending screening under 28 U.S.C. § 1915A. In response, Plaintiff asks the Court to remand the case to state court; overturn a non-dispositive order; grant an injunction; and grant leave to amend the complaint. (Docs. 4–10.) The Court stayed all pre-screening obligations on November 25, 2020 (Doc. 3) and will now examine whether the case should be dismissed.

**II.   DISCUSSION**

    **A.   Request for Remand**

Plaintiff argues he intended to file his claims in state court, and he "has a right to challenge th[e] removal." (Doc. 5 at 4.) The case was removed pursuant to 28 U.S.C. § 1442(a). Under that section, a "civil action . . . that is commenced in a State court and that is against . . . any of the

---

[2] In certain filings, Plaintiff alleges he did not receive a copy of the Siereveld's Motion to Stay and/or for Dismissal (Doc. 2) and requests a copy of that filing. (Doc. 4 at 4.) In another document submitted the same day, however, Plaintiff admits he received her Motion on December 3, 2020. (Doc. 5 at 1.) The Court therefore sees no need to mail Plaintiff another copy of the Motion before issuing this ruling.

following may be removed by them to the district court of the United States for the district . . . embracing the place wherein it is pending." 28 U.S.C. § 1442(a). The list includes "any officer (or any person acting under that officer) of the United States or of any agency thereof" for an "act under color of such office." *Id.* at § 1442(a)(1). Siereveld is an employee of the BOP, an agency of the United States, and the Complaint suggests she withheld mail and interfaced with H&R Block as a BOP official. (Docs. 2 at 2; 10 at 4–5). The case was therefore properly removed under 28 U.S.C. § 1442(a), and Plaintiff's request for remand will be denied.

### B.    Venue & Filing Restrictions

Siereveld, through counsel, argues Plaintiff brought this case in New Mexico to circumvent his extensive filing restrictions in other districts. (Doc. 2 at 3–4.) She asks the Court to dismiss this case and impose filing restrictions to mirror those in the Southern District of Illinois and the Seventh Circuit. (*Id.*)

District courts can evaluate venue on a motion by the parties or *sua sponte* as part of the initial review process. *See Johnson v. Christopher*, 233 F. App'x 852, 854 (10th Cir. 2007) (analyzing improper venue and noting "the district court has discretion" to evaluate the matter *sua sponte*). Section 1391 of Title 28 permits a civil action to be brought in:

> (1) a judicial district in which any defendant resides . . . ;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to . . . personal jurisdiction.

28 U.S.C. § 1391(b)(1).

Subsection (1) does not apply. Plaintiff lives in Illinois, where he is incarcerated. He does

not allege Siereveld resides in New Mexico, and in another lawsuit against her, Plaintiff stated she was a legal advisor in Indiana. *See Akers v. Siereveld*, Case No. 17-cv-03340-KAW (N. D. Cal. Oct. 6, 2017) (Akers alleged Katherine Siereveld is a "legal advisor employed by the Federal Bureau of Prisons in Terre Haute, Indiana"). As to subsection (2), the Court must examine "the nature of the plaintiff's claims and the acts or omissions underlying those claims" and determine whether "substantial events material to those claims occurred" in New Mexico. *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1166 (10th Cir. 2010). Plaintiff alleges Siereveld restricted his mail at USP Marion and contacted H&R Block. (Docs. 1-3; 10 at 4–5.)[3] Such actions either occurred in Marion, Illinois (where Plaintiff was located) or in Indiana (where Siereveld is located). Plaintiff comes close to admitting the alleged wrongdoing did not occur in New Mexico in the "Venue" section of his proposed Amended Complaint. That section merely alleges that Siereveld's actions "aggrieved residents of . . . New Mexico as well as the orderly administration of justice in the . . . District of New Mexico." (Doc. 10 at 3.) Even if Siereveld seized Plaintiff's mailings sent to or from New Mexico attorneys, this is not enough to show substantial actions giving rise to the claim occurred in New Mexico. Venue is therefore not appropriate under subsection (2).

As to subsection (3), the action could be brought in Illinois or Indiana for purposes of 28 U.S.C. § 1391(b)(1), notwithstanding Plaintiff's extensive filing restrictions. Plaintiff is restricted from filing in the following Courts:

---

[3] The Court considered the allegations in Plaintiff's original Complaint (Doc. 1-3), which is still the controlling pleading, and his proposed Amended Complaint attached to his pending motion to amend (Doc. 10). Such consideration is consistent with the liberal construction requirements for *pro se* filings and ensures that Plaintiff has a full opportunity to allege facts showing venue is proper.

4

1.	The Seventh Circuit held that "the clerks of all federal courts in this circuit will return unfiled any papers submitted either directly or indirectly by or on behalf of Akers" until "Akers has paid in full all outstanding fees in the district court and in this Court." *In re Akers*, App. No. 11-3268 (7th Cir. April 24, 2012). A district court recently confirmed the restriction is still in place. *See Akers v. Gilbert*, 2020 WL 7408054, at *2 (S.D. Ill. Oct. 22, 2020).

2.	The Southern District of Illinois held: "Consistent with the order of the Court of Appeals for the Seventh Circuit, until Akers has paid in full all outstanding fees in the district court and in the appellate court, the clerks of all federal courts in the circuit will return unfiled any papers submitted either directly or indirectly by or on behalf of Akers." *Akers v. Roal*, Case No. 11-cv-00622-MJR (S.D. Ill. Sept. 13, 2012).

3. The District of Kansas imposed a $500 fine for each frivolous filing by Plaintiff in that Court, and the Tenth Circuit affirmed. *See United States v. Akers,* Case No. 04-cr-20089-01-KHV (D. Kan. August 7, 2013); *United States v. Akers*, Case No. 17-3146 (10th Cir. July 2, 2018).

The Southern District of Illinois explained that such restrictions did not deter Plaintiff, who turned to other districts and state courts unfamiliar with his filing history:

> Plaintiff has a long and impressive history of attempting . . . maneuvers [to circumvent restrictions]. Following imposition of the restrictions, Plaintiff continued filing cases in different federal district courts. *See e.g., Akers v. Rivas*, No. 16-cv-1339-MJR (*See* Doc. 5, Dec. 15, 2016); *Akers v. Siereveld*, 17-cv-3340-KAW (*See* Doc. 11, Oct. 6, 2017). Akers soon learned that filing papers in federal courts familiar with his litigation history routinely resulted in a return of his papers unfiled, in accord with his filing restriction. When he met with this resistance, Akers simply turned to state court. *See Akers v. Conover*, Case No. 2020-L-54; *Akers v. True*, Case No. 2020-L-45; *Akers v. Liss*, Case No. 2020-L-59. His conduct is similar to other restricted filers, who remain undeterred by a filing restriction imposed in one federal judicial district and simply begin filing lawsuits in other federal judicial districts. *See, e.g.*, *Tidwell v. Cunningham*, Case No. 18-cv-1448-SMY (S.D. Ill.) (Doc. 9) (dismissing case transferred from Northern District of Texas as fourth unlawful attempt to circumvent filing restriction and imposing additional monetary sanctions against litigant). Allowing Plaintiff to make such a procedural end-run would render the filing

> restriction meaningless. Plaintiff has been informed that this maneuver will not be tolerated—indeed, this is the same conduct that resulted in Judge Gilbert's dismissals that Plaintiff complains about. See *Akers v. USA*, cases 20-cv-00581-JPG, 20-cv-00592-JPG and 20-cv-00638-JPG (July 17, 2020); 20-cv-00894-JPG (October 19, 2020).

*Akers v. Gilbert*, 2020 WL 7408054, at *2 (S.D. Ill. Oct. 22, 2020).

In sum, the Court determines venue is plainly improper under 28 U.S.C. § 1391(b)(1), and it appears Plaintiff sued Siereveld in New Mexico to circumvent filing restrictions in the Seventh Circuit. The Court may dismiss the case for improper venue "or if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Relevant factors include "whether the claims would be time barred if filed anew in the proper [venue], whether the claims alleged are likely to have merit, and whether the claims were filed in good faith . . . ." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008); *see also Faulkenburg v. Weir*, 350 F. App'x 208, 210 (10th Cir. 2009) (applying the same factors to a venue transfer). Considering these factors, and in particular Plaintiff's bad faith and forum shopping, a transfer is not in the interest of justice. The Court will dismiss the Complaint without prejudice to refiling in the proper venue, <u>if otherwise permitted by the filing restrictions</u>. *See* Fed. R. Civ. P. 41(b) (A dismissal for improper venue does not act as an adjudication on the merits). The Court will also deny Plaintiff's pending motions to remand the case to state court; overturn a non-dispositive order; grant an injunction; and grant leave to amend the complaint (Docs. 5; 6; 9; 10) as moot.

Siereveld also asks the Court to impose filing restrictions in this Court that mirror the others identified above. (Doc. 2 at 4.) By their language, the prior restrictions are limited to the District of Kansas and the Seventh Circuit. This Court is on notice of Plaintiff's attempts at forum shopping and his abusive history. If he files more vexatious litigation in New Mexico, the Court will consider restrictions at that time.

**IT IS ORDERED** that Plaintiff's Civil Complaint (**Doc. 1-3**) is **DISMISSED** without prejudice for improper venue; and the Court will enter a separate judgment closing the civil case.

**IT IS FURTHER ORDERED** that Plaintiff's request for remand is **DENIED**; and all pending Motions (**Docs. 5; 6; 9; 10**) are otherwise **DENIED** as moot.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE