IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MONTGOMERY CARL AKERS,

    Plaintiff,

vs.                                                                                              Case No. 20-cv-1146 RB-SCY

KATHERINE N. SIEREVELD,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Reconsider. (Doc. 13.) Plaintiff moves to set aside the ruling dismissing this case without prejudice. Plaintiff is incarcerated in USP Marion in Illinois and is proceeding *pro se*. His original Complaint alleges that Defendant interfered with his legal mail and his contractual relationships. Plaintiff also claims Defendant used her "Jewish affiliation" to stop him from accessing funds with a bank and retaining professionals in New Mexico. (Doc. 10 at 4–5.) Defendant, through counsel at the United States Attorney's Office, removed the original Complaint to this Court. Defendant moved for dismissal, arguing that Plaintiff filed this suit in New Mexico to evade filing restrictions in various other district and circuit courts. (Doc. 2.) In response, Plaintiff asked the Court to remand the case to state court; overturn a non-dispositive order; grant an injunction; and grant leave to amend the complaint. (Docs. 4–10.)

By a Memorandum Opinion and Order entered April 23, 2021, the Court declined to remand this matter; granted Defendant's motion; and dismissed the case without prejudice. (Doc. 11 ("Dismissal Ruling").) The Dismissal Ruling, which is incorporated herein, noted the case is removable pursuant to 28 U.S.C. § 1442. The Dismissal Ruling also set forth Plaintiff's extensive history of suing Defendant in other courts and his filing restrictions in the Seventh Circuit, Kansas,

etc. The Court concluded venue is improper because Plaintiff and Defendant are located out of state, and the complaints fail to show substantial events material to the claims occurred in New Mexico. *See* 28 U.S.C. § 1391(b)(1); *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1166 (10th Cir. 2010). The Court agreed with Defendant that Plaintiff likely filed this case in New Mexico to circumvent the filing restrictions. However, the Court declined Defendant's request to impose similar restrictions in this Court, absent a local history of vexatious litigation.

Plaintiff filed the Motion to Reconsider on May 10, 2021, within 28 days after entry of the judgment. He seeks relief under Federal Rule of Civil Procedure 59(e). Grounds for reconsideration include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A district court has considerable discretion in deciding whether to reconsider a judgment under Rule 59(e). *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Plaintiff does not point to new law or new evidence, nor has he demonstrated injustice. Instead, he contends:

1. The Court improperly took judicial notice of Plaintiff's filing restrictions and prior lawsuits against Defendant.

2. The Court improperly characterized Defendant as having interfered with mail, as originally alleged, when in fact she "contacted . . . attorneys" to interfere with contracts.

3. Removal was improper, and this matter should have been remanded to state court.

4. Venue is proper in New Mexico based on the new allegation that Defendant travelled here to steal mail, "intimidate" local parties, and visit directly with the Court.

Having reviewed the record and applicable law, none of these arguments warrant reconsideration. As to removal, the Court found the United States Attorney's Office properly removed the case because Siereveld is a Bureau of Prisons (BOP) employee, and the Complaint alleges she interfered with prison mail. *See* 28 U.S.C. § 1442 (removal is proper where the complaint is against a federal employee for any "act under color of [federal] office"). Plaintiff admits Defendant "lives and works for the U.S. [BOP] in . . . Indiana." (Doc. 13 at 14.) However, he contends he should have been given an opportunity to argue that Defendant was not acting in the scope of her employment with the BOP when she interfered with outside contacts (*i.e.*, she confiscated mail and/or notified them of his fraudulent history). Plaintiff had such an opportunity but failed to develop this argument. Before entry of the Dismissal Ruling, he filed an "Appeal and Motion" to "challenge the removal." (Doc. 5 at 4.) That pleading includes a bald allegation that Defendant did not act within the scope of her duties. In light of the removal notice, the context of Plaintiff's claims, and the fact that Plaintiff has sued Defendant for the same/similar conduct in various other lawsuits (which are public record), his bald allegation regarding scope of employment is insufficient to show that § 1442 in inapplicable. To the extent the Motion to Reconsider attempts to amplify his scope of employment argument, the Court will not consider matters raised after dismissal. The Court also notes that even if the removal was improper – which it was not – Plaintiff was not injured by the denial of remand. This Court did not exercise jurisdiction over the case or reach the merits of Plaintiff's claims. Accordingly, the Court declines to reopen this case to remand the matter to state court, rather than dismissing without prejudice.

As to venue, the Motion to Reconsider attempts to dramatically alter the original allegations. The original complaint (Doc. 1-1) and proposed amendment (Doc. 10) allege that

3

Defendant "blocked" contacts, "criminally interfered with mail," and otherwise curtailed Plaintiff's ability to retain professionals in New Mexico. (Docs. 1-3; 10.) There are no facts in the original pleadings showing she took any specific action in this state. The "venue" section of the original and proposed amended complaints merely state Defendant's actions "aggrieved" residents of New Mexico. (Docs. 1-3 at 2; 10 at 3.) The Motion to Reconsider now alleges that Defendant "ostensibly" travelled to New Mexico to "steal and confiscate mail" and "personally meet with individuals . . . dealing with . . . Plaintiff" so that she could "scare[] and intimidate" them. (Doc. 13 at 11.) The Motion to Reconsider further alleges Defendant "travelled to New Mexico and met with this Court" for "ex parte communications." (*Id.* at 12.) On a Rule 59 motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020). And, even if Plaintiff included these allegations in his original pleadings, the Court would have rejected them as frivolous in light of their fantastical character and his extensive history of bringing frivolous claims against Defendant. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (In evaluating a pro se prisoner complaint, the Court may "pierce the veil of the complaint's factual allegations" and dismiss those claims whose factual contentions . . . describe[e] fantastic or delusional scenarios").

Plaintiff's final argument in favor of reconsideration is that venue is proper in New Mexico because he cannot file in any other district. This is simply untrue. To the extent he cannot file a case in the Seventh Circuit or other states without prepaying filing fees, that does not change the analysis under 28 U.S.C. § 1391 (governing venue). For these reasons, the Court declines to set aside the Dismissal Ruling. The Motion to Reconsider will be denied.

**IT IS ORDERED** that the Motion to Reconsider (**Doc. 13**) is denied.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE